

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA RAVEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-555-A |
| | § | |
| JOHN D. THORNHILL, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Pending before the court is the motion for summary judgment of defendant, John D. Thornhill ("Thornhill"), on the claims of plaintiff, Lisa Raven, against him in the above-captioned action. Having considered the motion and the applicable legal authorities,[1] the court concludes that the motion should be granted and this action dismissed.

### I.

### Overview

This suit arises from plaintiff's employment at a Nissan car dealership owned and operated by Thornhill. Although plaintiff's original suit was against Thornhill, Nissan North America, Inc., and Thornhill Nissan, L.P. for various causes of action ranging from discrimination to intentional infliction of emotional distress, the sole remaining claims in this suit are for assault and battery under Texas law against Thornhill.[2]

---

[1] Plaintiff did not file a response to Thornhill's motion for summary judgment. Nonetheless, in concluding that summary judgment was warranted, the court independently evaluated the summary-judgment record and applicable law.

[2] Final judgment as to all other defendants and all other claims against Thornhill was signed by the court on February 12, 2007.

Specifically, plaintiff alleges that:

> John Thornhill told me if I ever told anyone about what he had said about Black people that he would kill me. I am unsure of the date this occurred. He made his racial statements and threatened my life in the Thornhill Nissan Sales office.

See App. to Def.'s Mot. for Summ. J. ("App.") at 2, ¶ 2. Having not filed a response to the summary-judgment motion, plaintiff fails to challenge that these facts are the sum total of the allegations upon which she rests her claims for assault and battery. Because these allegations are insufficient as a matter of law to support either claim, summary judgment for Thornhill is proper.

II.

Legal Analysis

The elements of assault and battery are both covered by Section 22.01 of the Texas Penal Code, which is simply titled "Assault."[3] See Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2006); see also Baribeau v. Gustafson, 107 S.W.3d 52, 60-61 (Tex. App.--Antonio 2003, pet. denied) (citing Tex. Pen. Code Ann. § 22.01 (Vernon Supp.2002)). Under Section 22.01, a battery is, in turn, premised upon an injurious contact between the parties. See Tex. Pen. Code Ann. § 22.01(a); Baribeau v. Gustafson, 107 S.W.3d at 61. And a person commits an assault if he: "intentionally or knowingly, or recklessly threatens another with imminent bodily injury." See Tex. Pen. Code Ann. § 22.01(b); Hill v. State, 844 S.W.2d 937, 938 (Tex. App.--Eastland 1992, no writ).

---

[3]The elements of assault/battery are the same in civil and criminal cases. See Wal-Mart Stores, Inc. v. Odem, 929 S.W.2d 513, 522 (Tex. App.--San Antonio, writ denied).

2

Plaintiff does not allege that Thornhill caused her any physical injury or, for that matter, even physically contacted her in a non-injurious manner.  See Pl.'s First Am. Compl. at 2, ¶¶ 9-10.  Likewise, there is no summary-judgment evidence of any physical injury or contact caused by Thornhill to plaintiff.  Consequently, summary judgment is proper on plaintiff's battery claim.  With respect to plaintiff's claim for assault, the court concurs with Thornhill that the essential element of an "imminent" threat is absent as a matter of law.  See Tex. Pen. Code Ann. § 22.01(b).  Imminent means "near at hand," "on the point of happening," or "immediate danger, such as must be instantly met."  See, e.g., Hill, 844 S.W.2d at 938 (citations and internal quotations omitted).  Even accepting plaintiff's allegations as true, Thornhill's threat to injure her was contingent on a future, non-imminent event, namely her telling others of his allegedly racist remarks.  See App. at 2, ¶ 2.

### III.

### Order

For the reasons stated above, the court ORDERS that plaintiff's remaining claims of assault and battery against Thornhill be, and are hereby, dismissed with prejudice, and that Thornhill have and recover his costs of court from plaintiff.

SIGNED April 26, 2007.

JOHN McBRYDE
United States District Judge

3